IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:11-CV-684-FL

EXCLAIM MARKETING, LLC,

    Plaintiff,

DIRECTV, INC. and DIRECTV
OPERATIONS, LLC,

    Defendants.

## CONSENT PROTECTIVE ORDER AND STIPULATION OF CONFIDENTIALITY

THIS CAUSE came to be heard on the joint application of Plaintiff and Defendants, and it appearing to the Court that the discovery and trial in this action may involve the production, disclosure, and filing with the Court of confidential, sensitive or proprietary business information, or trade secrets (collectively referred to as "Confidential Information") requiring protection against unrestricted disclosure or use, including, but not limited to, confidential financial information, customer or client lists, trade secrets, business plans or strategies, and other proprietary and non-public commercial information or commercially and/or competitively sensitive information of the type normally protected from disclosure to the public. This Protective Order governs the production or disclosure of all Confidential Information produced by the parties or their agents during the course of discovery, hearings or trial in this action. In addition, the parties contemplate that Confidential Information may be produced by a non-party, and the use of such information in this case is similarly governed by this Order.

THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following confidentiality provisions shall govern the disclosure, use, dissemination, and filing with the Court of all information, documents or materials designated as "Confidential" or "Confidential—Attorneys' Eyes Only" and produced in this action.

1. <u>Designation</u>. Any party to this action or other person who produces, supplies, or provides access to information, documents, testimony, data, or other tangible items (hereinafter "Discovery Materials") for use in this action in the course of discovery (hereinafter the "Designating Party" or the "Producing Party") may designate all or part of such Discovery Materials as "Confidential" or "Confidential—Attorneys' Eyes Only." The Producing Party shall be obligated to designate only such Discovery Materials which it believes in good faith to be information within the scope of Rule 26(c) of the Federal Rules of Civil Procedure. Moreover, the Producing Party shall be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations.

"Confidential" applies to Discovery Materials which are determined by the Producing Party, acting in good faith, to be non-public and to be confidential business or technical information.

"Confidential—Attorneys' Eyes Only" applies to Discovery Materials which are determined by the Producing Party, acting in good faith, to be non-public and to be confidential business or technical information, and which is reasonably and in good faith considered by the Producing Party to be highly sensitive because at the time such Discovery Materials are produced contain competitive business information such as customer lists, trade secrets, marketing or sales planning information or cost, price, profitability or other similar financial

information. It is the intention of the parties to designate only a limited number of documents and information for this more restricted level of confidentiality.

Discovery Materials shall be designated as "Confidential Information" by marking words on the document or item that in substance states: "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Deposition testimony may be designated as Confidential at the time the testimony is given. Portions of deposition transcripts (including exhibits) containing Confidential Information shall be separately bound and treated as Confidential under this Order, and that portion of the transcript shall be designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" before the final transcript is distributed. Within thirty (30) days after receipt of the deposition transcript, a Designating Party may designate deposition testimony as Confidential Information by advising all parties in writing of the pages and lines in which the Confidential Information appears.

2. Electronic or digital files containing Confidential Information shall be marked as follows:

    a. Any media produced containing Confidential Information in electronic or digital form shall be visibly marked on the outside or surface of the media with a legend substantially as follows: "CONTAINS INFORMATION DESIGNATED AS CONFIDENTIAL" and/or "CONTAINS INFORMATION DESIGNATED AS CONFIDENTIAL-ATTORNEYS' EYES ONLY"

    b. Individual electronic or digital files shall be conspicuously marked or designated as containing Confidential Information by including the word "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES

ONLY" in the file name or file designation in all capital letters. As an alternative to marking individual files in this manner, all digital files containing Confidential Information on a given media item can be segregated within a folder or directory on that media, which folder or directory name shall include the words "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in all capitals.

    c.    Any electronic or digital files containing confidential information shall, to the maximum extent practicable, contain a visible legend that is displayed along with the data or file contents, when the data or contents are viewed in the normal course of use, containing the words "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in all capitals.

3.    Confidential Information designated as "CONFIDENTIAL" shall not be disclosed other than as expressly authorized in this Order and may he disclosed only to the following "Qualified Persons":

    a.    This Court and its personnel.

    b.    Counsel of record in this litigation, counsel of a deponent, in-house counsel for the parties, and attorneys and staff persons employed by or acting on behalf of any such counsel.

    c.    Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation or trial of this litigation.

    d.    A court reporter.

    e.    Officers and employees of the parties.

2

Case 5:11-cv-00684-FL   Document 33   Filed 11/13/12   Page 4 of 15

  f. Third-party fact witnesses or potential fact witnesses, if disclosure to such potential fact witness of particular Confidential Information is, in counsel's good faith judgment, necessary to that party's prosecution or defense of the case.

 4. Confidential Information designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall not be disclosed other than as expressly authorized in this Order and may be disclosed only to the following "Qualified Persons":

  a. This Court and its personnel.

  b. Counsel of record in this litigation and attorneys and staff persons employed by or acting on behalf of any such counsel.

  c. Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation or trial of this litigation.

  d. A court reporter.

  e. Third-party fact witnesses or potential fact witnesses, if disclosure to such potential fact witness of particular Confidential Information is, in counsel's good faith judgment, necessary to that party's prosecution or defense of the case.

 5. If a party wishes to disclose any Confidential Information to any person not described in Paragraphs 3 and 4 of this Order, permission to so disclose must be requested from the Designating Party in writing. If the Designating Party agrees, the person shall be considered a Qualified Person for the purposes of this Order. If the Designating Party objects to the proposed disclosure, no such disclosure shall be made unless this Court, upon application by the party requesting such permission, orders otherwise.

6. Confidential Information may be disclosed to a Qualified Person pursuant to Paragraph 3.c, 3.e or 3.f, Paragraph 4.c or 4.e, or Paragraph 5, only if such person is first shown a copy of this Protective Order and agrees in writing to be bound by its terms by signing a copy of the Confidentiality Agreement attached hereto as Exhibit A. Counsel for the party obtaining the person's signature on the Confidentiality Agreement will retain a copy of the signed agreement. At the conclusion of the case, counsel will provide Designating Party with a copy of the signed agreements.

7. Where any Confidential Information is to be included in any materials filed with the Court, the filing Party must comply with the procedures in section T (1) of the Courts Electronic Case Filing Administrative Policies and Procedures Manual (Rev. Jan. 25, 2010) ("ECF Manual"). Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying:

    a. The exact documents, things, and/or information, or portions thereof, for which filing under seal is requested;

    b. Where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access;

    c. The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;

    d. The reasons why alternatives to sealing are inadequate; and

    e. Whether there is consent to the motion.

Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court. However, in the event that a party seeking to file Confidential Information is not the party who designated that material as Confidential Information, then the Filing Party and the Designating Party shall follow the procedures set forth in section T (1)(a)(6) of the Court's ECF Manual. Further proceedings with respect to a motion to seal will be governed by the Court's Case Management Order.

8. Failure to designate as Confidential any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within thirty (30) days of the discovery of the failure. At such time, arrangements shall be made for return of all copies of the mis-designated documents to the Designating Party and for the submission, where appropriate, of properly labeled copies.

9. If upon review any party reasonably and in good faith believes that any documents, information or tangible items designated by a Designating Party are not properly designated "Confidential" or "Confidential—Attorneys' Eyes Only" as defined hereinabove, then the party may challenge such designation by notifying the Designating Party in writing at any time prior to thirty (30) days before the first deadline for exhibit lists to be submitted by any party. The written notice must specifically identify the challenged documents, information or tangible items, by Bates number page where available. The Designating Party must then seek a protective order from the Court for such documents, information or tangible items. If such a motion is filed the documents will continue to be treated as "Confidential" pending resolution by the Court. Failure to file a motion for a protective order within thirty (30) days from receiving notification of a party's challenge to the designation shall cause such documents, information or tangible items to be excluded from the provisions of this Order.

00235.23552/4953709.2                                   13
Case 5:11-cv-00684-FL   Document 33   Filed 11/13/12   Page 7 of 15

10. No one may attend or review the Confidential portions of a deposition, or a transcript of such portion of the deposition, other than persons listed in Paragraphs 3 and 4, subject to the provisions of Paragraph 6.

11. Any presentation of Confidential Information to the Court at a hearing prior to the trial shall be made following advance notice to the Court prior to presentation of the material.

12. Except to the extent expressly authorized in this Protective Order, Confidential Information shall not be disclosed to any third party, or used or disclosed for any purpose other than the preparation and/or trial of this case and/or appeal therefrom.

13. Nothing contained herein shall prevent any party from disclosing its own Confidential Information or other Discovery Materials as it deems appropriate.

14. Each party or person bound by this Protective Order will use reasonable care to avoid designating any document or information as Confidential Information which is not entitled to such designation or which is generally available to the public. The restrictions and obligations relating to Confidential Information set forth in this Protective Order shall not apply to:

    a. Any document that is or becomes publicly known or available other than through a violation of this Protective Order; or

    b. Any document that the receiving party receives from a third party without violation of this Protective Order or breach of any other agreement between the producing party and such third party, provided the receiving party is not obligated to hold such document in confidence; or

    c. Any information that is independently developed by employees of the receiving party who have not had access to or received any Confidential

Information under this Protective Order, as evidenced by written documentation of such independent development; or

d. Any document that the Designating Party authorizes (in writing) to be released from the obligations of this Protective Order.

If any document marked as "Confidential" or "Confidential—Attorneys' Eyes Only" is believed by any party to fall within the description set forth in this paragraph, before disclosing such document to any person not authorized to receive same by this Order, the party seeking to disclose said document shall follow the procedure as set forth in paragraph 9 above.

15. Any notes, summaries, compilations or copies containing Confidential Information or electronic images or databases containing Confidential Information shall be subject to the terms of this Protective Order to the same extent as the material or information from which such notes, summaries, compilations, copies, electronic images or databases are made or derived.

16. In the case of produced privileged and/or work product documents, upon request of the Producing Party, the documents together with all copies thereof shall be returned to the party claiming privilege and/or work product immunity within seven (7) days of receipt of notice of the production, and any notes made therefrom shall be destroyed. A party returning produced documents pursuant to this paragraph does not waive its right to challenge the privileged and/or work product status of those documents. In support of such a challenge, a party returning produced documents may, at that time, submit a copy of the returned documents to the Court under seal, to be opened *in camera* only if the party elects to challenge the privileged and/or work product status of those documents, which challenge must be made within fourteen (14) days of submission to the Court. If the party returning produced privileged documents fails

to file a motion to compel production of these documents within said fourteen (14) day period, the documents will be returned to the Designating Party.

17. This Protective Order does not affect any party's rights to object to discovery on any grounds other than an objection based solely on the ground that the information sought contains Confidential Information.

18. A Party or entity's compliance with the terms of this Protective Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) proprietary, (c) privileged or subject to attorney work product protection, or (d) admissible in evidence at trial.

19. Any person in possession of materials designated as "Confidential" or "Confidential—Attorneys' Eyes Only" pursuant to this Protective Order who receives a subpoena or other process from any court or person (including natural persons, corporations, partnerships, firms, governmental agencies, departments, or bodies, boards, or associations) who is not a party to this Protective Order, seeking production or other disclosure of such Confidential material, shall promptly give telephonic notice and written notice by overnight delivery, electronic mail, and/or facsimile to counsel for the Designating Party or entity, identifying the materials sought and enclosing a copy of the subpoena or other process where possible at least ten (10) business days before production or other disclosure shall be given. Without limiting the remainder of this paragraph, in no event shall production or other disclosure be made before the latest of: (1) the day following the date on which notice is given, or (2) the return date of the subpoena or process.

20. This Protective Order may be modified or amended by Order of the Court for good cause shown or by written stipulation of counsel for all parties.

21. This Protective Order shall apply to discovery directed to non-parties to this case, if said non-party requests protection as to its Confidential material as defined above.

22. This Protective Order is without prejudice to the right of any party to seek modification thereof from the Court, and shall remain in effect until such time as it is modified, amended or set aside by the Court. Nothing in this Protective Order shall restrict or prohibit a party from seeking protections in addition to those set forth in this Protective Order for a particular document or documents or for particular testimony given in this action.

23. This Protective Order is not intended to prohibit the use or admissibility of Confidential Information upon trial of this action. Issues involving the protection of Confidential Information during trial will be presented to the Court prior to or during trial as each party deems appropriate, with direction from the Court.

24. Within sixty (60) days after the final disposition of this action, all documents and materials containing Confidential Information (other than exhibits to the official court record) shall, if requested, be returned to the Designating Party or, at the sole option of the Designating Party, destroyed at the Designating Party's expense. The attorneys for each party to the litigation may keep one (1) archival copy of all pleadings and all transcripts (including deposition transcripts and exhibits thereto) containing Confidential Information. The attorneys returning documents containing Confidential Information may retain their attorney 'work product' and privileged attorney-client correspondence as may be necessary in their reasonable good judgment to comply with ethical requirements and/or insurer requirements; provided, however, that this exception shall not apply to any copies of Confidential documents that are incorporated into or attached to attorney-client communications or attorney work product. Counsel for any party or

third party receiving Confidential Information shall make written certification of compliance with this provision and shall deliver the same to counsel for each Designating Party.

25. The obligations of this Protective Order shall survive the termination of this Action and shall continue to restrict the disclosure and use of discovery material designated as Confidential Information by the parties, their counsel, and all who signed a Confidentiality Agreement. Following termination of this Action, the Court will retain jurisdiction to enforce the terms of this Protective Order.

SO ORDERED, this the 13th day of November, 2012.

_____
LOUISE W. FLANAGAN
United States District Court Judge

CONSENTED TO:

**Counsel for Plaintiff:**

MEYNARDIE & NANNEY, PLLC

/s/ Joseph H. Nanney, Jr.
Joseph H. Nanney, Jr.
 joe@mnlaw-nc.com
N.C. State Bar No. 18355
333 Fayetteville Street, Suite 500
Raleigh, NC 27601
Telephone: (919) 747-7374
Facsimile: (919) 324-6590
E-mail:

*Attorney for Plaintiff Exclaim Marketing, LLC*

**Counsel for Defendants:**

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

/s/ A.J. Bedel
Michael E. Williams
  michaelwilliams@quinnemanuel.com
A.J. Bedel
  ajbedel@quinnemanuel.com
865 South Figueroa Street, 10th Floor,
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

WILLIAMS MULLEN
Brian C. Vick
  bvick@williamsmullen.com
N.C. State Bar No. 28841
Garrick A. Sevilla
  gsevilla@williamsmullen.com
N.C. State Bar No. 38494
P.O. Box 1000
Raleigh, NC 27602
Telephone: (919) 981-4000
Facsimile: (919) 981-4300

*Attorneys for Defendants DIRECTV, Inc. and
DIRECTV Operations, LLC*

# EXHIBIT A

IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:11-CV-684-FL

EXCLAIM MARKETING, LLC,,

    Plaintiff,

DIRECTV, INC. and DIRECTV
OPERATIONS, LLC,,

    Defendants.

## **CONFIDENTIALITY AGREEMENT**

    I, _____, under penalty of perjury, do declare, depose and state as follows:

    1.    I have read and understand the CONSENT PROTECTIVE ORDER AND STIPULATION OF CONFIDENTIALITY ("Protective Order") entered by the Court in this case.

    2.    I understand that access to information designated "Confidential" or "Confidential – Attorneys' Eyes Only" subject to the Protective Order may be provided to me subject to the terms of said Protective Order.

    3.    I agree to be bound by the terms and conditions of said Protective Order.

    4.    I hereby submit to the jurisdiction of the U.S. District Court for the Eastern District of North Carolina for the purpose of enforcement of the Protective Order.

2
Case 5:11-cv-00684-FL  Document 33  Filed 11/13/12  Page 14 of 15

5. I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential information designated in accordance with the Protective Order. I understand that the Designating Party retain all rights to enforce the Protective Order and all remedies regarding violations of the same.

**Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on _____, 201\_\_\_.**

Signature: _____

Name: _____

Address: _____

_____

_____

Party or Entity
Represented: _____