IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-cv-684-FL

| | |
|---|---|
| EXCLAIM MARKETING, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER ON BILL OF COSTS** |
| ) | |
| DIRECTV, INC. and DIRECTV ) | |
| OPERATIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the clerk on the motion for bill of costs [DE-266] filed by defendant DIRECTV, LLC ("DIRECTV"). Plaintiff Exclaim Marketing, LLC ("Exclaim") failed to file any objections, and the time for doing so has expired. See Local Civil Rule 54.1(b)(1). This matter is therefore ripe for determination. For the reasons stated below, the motion is granted in part.

## BACKGROUND

On November 24, 2014, a jury returned a verdict against both plaintiff Exclaim and defendant DIRECTV, awarding Exclaim damages on its claim for violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1, and DIRECTV damages representing Exclaim's profits earned from its willful infringement of DIRECTV's trademark. Both parties moved for judgment as a matter of law. In orders issued on September 30, 2015, Judge Flanagan denied Exclaim's motion for judgment as a matter of law, and granted some of DIRECTV's motions for judgment while denying others. In sum, the jury's awards of damages to Exclaim and DIRECTV were vacated, and the court instead awarded DIRECTV $610,560.00 in disgorgement of Exclaim's profits. The clerk issued judgment [DE-260] that same day. DIRECTV timely filed its motion for bill of costs [DE-261],

and refiled a corrected motion [DE-266] and supporting declaration [DE-267] on October 16, 2015.

## DISCUSSION

DIRECTV seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014). In this case, DIRECTV seeks recovery of $96,936.34 in costs from Exclaim.

I.  Fees of the Clerk

First, DIRECTV seeks reimbursement in the amount of $350.00 for the filing fee associated with removing this action to this court. Title 28, United States Code Section 1920(1) provides that fees of the clerk may be taxed, and accordingly this request is granted.

II. Fees for Printed or Electronically Recorded Transcripts

Second, DIRECTV seeks $26,112.85 in costs associated with fees for deposition and trial transcripts and electronic recordings of depositions. "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(2). As part of its request for costs associated with transcripts, DIRECTV submits court reporter invoices for three witnesses whose testimony was presented at trial via videotaped deposition:

Kristin Haley, Robert Dee, and Bruce Fonte. The undersigned finds that both the transcripts and the videos of the depositions of these witnesses were necessarily obtained for use in the case.

The invoices submitted by DIRECTV for these witnesses, however, include charges for shipping and handling, exhibit fees, ASCII copies, and more than one copy of a transcript. This court has construed 28 U.S.C. § 1902 and Local Civil Rule 54.1 as not encompassing any of these charges. See Boykin v. Anchor Co., Inc. v. AT&T Corp. No. 5:10-CV-591-FL, 2014 WL 4798726, at *2 (E.D.N.C. Sept. 26, 2014) (disallowing costs for ASCII diskettes); Nwaebube v. Employ't Sec. Comm'n of N.C., No. 5:09-CV-395-F, 2012 WL 3643667, at *1 (E.D.N.C. Aug. 21, 2012) (disallowing costs of exhibit copies); Hexion v. Specialty Chems., Inc. v. Oak-Bark Corp., No. 7:09-CV-105-D, 2012 WL 2458638, at *6 (E.D.N.C., June 27, 2012) (disallowing costs for shipping and postage); Parrish v. Johnston Comty. Coll. No. 5:09-CV-22-H, slip. op. at 2-3 (E.D.N.C. Feb. 13, 2012) (observing that "Local Civil Rule 54.1(c)(1)(a) specifies that taxable costs incident to the taking of depositions normally include only the court reporter's fee and the fee for the original transcript of the deposition"). Consequently, these non-taxable costs for the transcripts of Kristin Haley, Robert Dee, and Bruce Fonte in the amount of $722.01[1] are disallowed. Additionally, the court reporter invoice for Kristin Haley's transcript shows that defendant incurred $1,156.50 in costs for the original and one certified copy of her deposition. As the undersigned already has noted, the costs of an additional copy of the transcript are not recoverable under this court's local rules. See Local Civil Rule 54.1(c)(2)(b). The undersigned is unable to determine the fee for the original transcript from the court reporter's invoice. Accordingly, the costs in the amount of $1.156.60 are disallowed. Defendant may reapply for the costs of the original transcript of Kristin Haley's deposition by filing a request with supporting documentation within 14 days of this order. Costs in the remaining amount of

---

[1] These nontaxable costs include shipping and handling charges; costs for exhibit pages; and ASCII diskettes.

$717.75 for the printed and electronically recorded transcripts of Kristin Haley, Robert Dee, and Bruce Fonte are allowed.

DIRECTV also seeks costs associated with the depositions of witnesses who testified live at trial: Diane Lahti, Rick Stefanik, Aaron Zydonik, and Jeffrey Kinrich. DIRECTV submits court reporter invoices for both the transcripts and videos of the depositions for some of these witnesses. Again, the undersigned finds that both the transcripts and the videos of the depositions of these witnesses were necessarily obtained for use in the case.

Nevertheless, the invoices for these witnesses include non-allowable charges for shipping and handling, exhibit fees, and ASCII copies. The invoices also include charges for interactive real-time services and videosynchronization services. DIRECTV offers no explanation as to why these services were "necessary for use" as opposed to conveniences that do not come within the purview of § 1920. See Cascades Computer Innovation, LLC v. Samsung Elecs. Co., No. 11 C 4574, 2016 WL 612792, at *4 (N.D. Ill. Feb. 16, 2016) (declining to tax the prevailing party's "choice to pay for real-time transcription" because "real-time transcription services are a *convenience*, not a necessity") (emphasis in original); Spear Mktg., Inc. v. Bancorpsouth Bank, No. 3:12-CV-3583-B, 2016 WL 193586, at *14 (N.D. Tex. Jan. 14, 2016) (concluding that real time display of a deposition is a convenience but not necessary for use in the case); Ashland Hosp. Corp. v. RLI Ins. Co., No. CV 13-143-DLB-EBA, 2015 WL 5063184, at *5 (E.D. Ky. Aug. 26, 2015) ("RLI, however has made no attempt to justify why it needed to 'live note' Sanders' deposition, so the $187.50 incurred for that service will be deducted from the Bill of Costs."); Kalitta Air L.L.C. v. Central Texas Airborne Sys. Inc., 741 F.3d 955, 959 (9th Cir. 2013) ("The costs of transcript and deposition synchronization do not fit squarely within the costs statute, and we, like the Supreme Court, 'see no compelling reason to stretch the ordinary

4

meaning of the cost items Congress authorized in § 1920.'" (quoting Taniguchi v. Kan Pacific Saipan, Ltd., 132 S. Ct. 1997, 2006 (2012)). Accordingly, these non-taxable costs in the amount of $4,665.20 are disallowed. Additionally, the court reporter invoices for Diane Lahti, Rick Stefanik, and Aaron Zydonik show that DIRECTV incurred $3,649.50 in costs for the original and certified copies of these witnesses' depositions. These costs are disallowed pursuant to Local Civil Rule 54.1(c)(2)(b). Defendant may reapply for the costs of the original transcript of the depositions of Diane Lahti, Rick Stefanik, and Aaron Zydnonik by filing a request with supporting documentation within 14 days of this order. The remaining costs in the amount of $5,009.50 for the printed and electronically recorded transcripts of Diane Lahti, Rick Stefanik, Aaron Zydonik, and Jeffrey Kinrich are allowed.

Additionally, under § 1920(2) DIRECTV also seeks to recover costs for the expedited preparation of the transcript of motions hearing held on November 3, 2014, along with the daily transcripts of the entire trial. There is no indication why the transcript of the motions hearing was necessary for the use of the case, and the costs in the amount of $407.40 are disallowed. Moreover, Local Civil Rule 54.1(c)(2)(c) provides that unless prior court approval has been obtained, costs for daily copies of trial transcripts are normally not taxed. Accordingly, rather than tax the costs of the preparation of the daily transcripts, costs at the ordinary rate ($3.65) for the trial transcripts, totaling $5,252.35, are allowed.

    III.   <u>Fees</u>

DIRECTV seeks costs in the amount of $70,473.49 under § 1920(4) for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. DIRECTV contends it incurred $49,013.40 of these costs conducting discovery-related activities, and the remaining $21,460.00 in "making copies of other

materials that were necessarily obtained for use in the case." Decl. of Michael E. Williams [DE-267] ¶ 4.

A review of the billing records filed by DIRECTV show that these costs include "iConnect Licensing Fees," data hosting, "OCR," and near-line hosting. These items all concern costs arising out of the storage and analysis of electronically-stored information ("ESI"). The Fourth Circuit has explained, however, that under § 1920(4) a prevailing party can recover costs associated with copying or duplicating its files, but it may not receive reimbursement for other expenses relating to ESI. Country Vintner of North Carolina, LLC v. E & J Gallo Winery, Inc., 718 F.3d 249, 260-61 (4th Cir. 2013) (determining that in the context of ESI, the phrase "making copies" is limited to "the conversion of native files to TIFF and PDF formats, and the transfer of files onto CDs" and denying costs for other processing charges including OCR technology). Accordingly, although "extensive processing" may be necessary when producing ESI, those costs often are not recoverable because the processing does not constitute "making copies." Id. at 260 (citing Race Tires America, Inc. v. Hoosier Racing Tire Corp., 674 F.3d 158, 169 (3d Cir. 2012)); see also Balance Point Divorce Funding, LLC v. Scrantom 305 F.R.D. 67, 76 (S.D.N.Y. 2015) (explaining that costs for "Hosting Active-Data" are not costs for making copies under § 1920 because "just as rental costs for storage of paper documents or housing and leasing photocopying equipment are not taxable as 'making copies,' costs for "Hosting Active-Data' are not costs for making copies"); CSP Techs., Inc. v. Sud-Chemie AG, No. 4:11-CV-00029-RLY, 2015 WL 2405528, at *3-4 (S.D. Ind. May 20, 2015) (disallowing costs for document collection and data hosting/electronic storage services); Akanthos Capital Mgmt., LLC v. CompuCredit Holdings, Corp., 2 F. Supp. 3d 1306, 1312-18 (N.D. Ga. 2014) (concluding that a prevailing party's costs in processing ESI and maintaining it in a database, paying an outside vendor to

6
Case 5:11-cv-00684-FL   Document 282   Filed 03/28/16   Page 6 of 8

conduct processing, paying fees for storing ESI on a server, and paying user fees to enable attorneys to access the data were not taxable under § 1920). Consequently, costs in the amount of $29,342.21 for "iConnect Licensing Fees," data hosting, "OCR," and near-line hosting are disallowed.

Similarly, DIRECTV's billing records include costs for "telecopier charges," "outside labor charges," and "off-site document services." The last category appears to include costs for "custom tabs," manilla folders, and binders, which are not taxable under § 1920. See Hexion Spec. Chems. Inc. v. Oak-Bark Corp., No. 7:09-CV-105-D, 2012 WL 2458638, at *7 (E.D.N.C. June 27, 2012) (denying costs for office supplies). Similarly, this court has determined that telecopier charges are not taxable. Jacobs v. Central Transp., Inc., Nos. 92-17-CIV-7, 92-478-CIV-5, 1995 WL 408741, at *1 (E.D.N.C. June 9, 1995) (determining that costs for postage, Federal Express, fax charges, and long distance telephone calls were non-taxable). The "outside labor charges" are described as "tech time," and therefore are not taxable as being incidental to the production of ESI. See Country Vitner 718 F.3d at 260. Accordingly, the costs for telecopier charges, outside labor charges, and off-site document services in the total amount of $12,567.00 are disallowed.

The remainder of DIRECTV's request for costs under § 1920(4) appear to be reasonable and allowable under the Fourth Circuit's interpretation of the statute, and in light of the absence of any object thereto, DIRECTV is awarded the remaining amount of $32,726.18.

## CONCLUSION

In summary, as the prevailing party, DIRECTV is awarded (1) $350.00 in fees of the clerk pursuant to 28 U.S.C. § 1920(1); (2) $11,870.15 in transcript costs pursuant to § 1920(2); and (3) $32,726.18 in copy costs pursuant to § 1920(4). Total costs in the amount of $44,946.33

are taxed against plaintiff and shall be included in the judgment. Within 14 days of this order, DIRECTV may supplement its request with adequate documentation for the costs of the original transcript of the depositions of Kristin Haley, Diane Lahti, Rick Stefanik, and Aaron Zydnonik.

SO ORDERED. This the 28th day of March, 2016.

Julie Richards Johnston
Clerk of Court